IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:14-CV-251

| | |
|---|---|
| KENNETH KAGONYERA<br><br>Plaintiff,<br><br>v.<br><br>BUNCOMBE COUNTY,<br>BOBBY LEE MEDFORD, individually and officially, SAMUEL MATTHEW CONSTANCE, individually and officially, GEORGE SPRINKLE, individually and officially, MICHAEL MURPHY, individually and officially, and JOHN ELKINS, individually and officially,<br><br>Defendants. | CONSENT PROTECTIVE ORDER RELATING TO INVESTIGATIVE, PERSONNEL, OR OTHER RECORDS AND MATERIALS OTHERWISE EXEMPT FROM PUBLIC DISCLOSURE |

The Parties herein stipulate to the entry by the Court of this Protective Order allowing production of the following law enforcement and agency criminal investigative records concerning the homicide of Walter Bowman in 2000 in Buncombe County and related matters: Buncombe County Sheriff's Office records; Buncombe County District Attorney's records; Asheville Police Department records; North Carolina Innocence Inquiry Commission records; North Carolina Division of Adult Corrections records; North Carolina Crime Laboratory records; and North Carolina State Bureau of Investigation's ("SBI") records.

Counsel for the parties stipulate and agree to the following statement of facts to support the Court's entry of the Protective Order.

1. Plaintiff, through counsel, will request pursuant to civil discovery procedures the release of certain Buncombe County Sheriff's Office records; Buncombe County District Attorney's records; Asheville Police Department records; North Carolina Innocence Inquiry Commission records; North Carolina Division of Adult Corrections records; North Carolina Crime Laboratory records; and SBI investigative records, files and related materials concerning the homicide of Walter Bowman in 2000 in Buncombe County, as well as additional investigative, personnel or other records and materials relevant to the instant suit.

1

2. The parties agree that these records, files and related materials may be material and relevant to the subject matter involved in this civil matter.

3. The requested records, files and related materials may be exempt from public records disclosure requirements pursuant to the provisions of N.C. Gen. Stat. § 132-1.4, and subject to release only pursuant to an order of a court of competent jurisdiction. Additionally, documents and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information may relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 153A-98(c). Personnel information is information which concerns or relates to an individual's application, selection or nonselection; promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings, and (d) any other similar documents.

4. In order to accommodate discovery in this matter, the parties agree that production of the Buncombe County Sheriff's Office records; Buncombe County District Attorney's records; Asheville Police Department records; North Carolina Innocence Inquiry Commission records; North Carolina Division of Adult Corrections records; North Carolina Crime Laboratory records; and SBI investigative and other materials (hereinafter "Confidential Documents") described above should be made pursuant to the conditions of this stipulated Protective Order. In addition, the parties agree that any personnel records or other confidential documents that they produce pursuant to a discovery request made by another party shall be governed by the terms of this stipulated Protective Order.

5. Except as may be otherwise provided by further order of the Court, all documents produced by the Buncombe County Sheriff's Office; Buncombe County District Attorney; Asheville Police Department; North Carolina Innocence Inquiry Commission; North Carolina Division of Adult Corrections; North Carolina Crime Laboratory; and North Carolina State Bureau of Investigation's, or by the parties, that are marked by them as "Confidential" (hereinafter "Confidential Documents") shall be used for no purpose other than prosecuting or defending this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

6. Access to and the use of any Confidential Documents, or any part thereof, shall be limited to the following qualified persons/entities:

a. The parties and attorneys of record for the parties, and their legal assistants, other staff Members, and law student clerks; insurers, their agents and employees; third-party administrators; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. A deponent in the action (during a deposition or in preparation therefore) when the Confidential Documents are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Court reporters, their transcribers, assistants and employees;

f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony, facts or other evidence relevant to the matters at issue in this case; and

g. The presiding judge, court personnel and the jury.

7. The above individuals and entities that are permitted access to the Confidential Documents are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

8. Counsel may make copies of the Confidential Documents for Plaintiff's or Defendants' experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

9. There is pending in Buncombe County Superior Court a related action, *Kagonyera v. Buncombe County, et al.* (14-CVS-04165). The Confidential Documents may be used in that action only if counsel in that action agrees to be bound by the terms of this agreement and if the parties' use of the Confidential

Documents in that action conforms to the terms of this agreement. In particular, but without limitation, should a party to the related action wish to submit to the court in that action information or materials from the Confidential Documents, in order to conform to the terms of this agreement, that party shall follow parallel procedures to those outlined for the use of confidential information at paragraph 12 of this Protective Order, including providing timely advanced notice of such proposed use to counsel for the other parties in this action so that counsel may determine whether or not to pursue a motion to have the documents filed under seal.

10. The production or disclosure of the Confidential Documents, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or in any other action.

11. Counsel for the parties are responsible for notifying any person who is provided access to information or material from the Confidential Documents of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures or access are made.

12. Should Plaintiff or Defendants wish to submit any information or material from the Confidential Documents to the Court in connection with a motion or other proceeding within the purview of this action, they will provide timely advance notice of not less than ten (10) business days to counsel for the other parties, the Buncombe County Sheriff's Office; Buncombe County District Attorneys Office; Asheville Police Department; North Carolina Innocence Inquiry Commission; North Carolina Division of Adult Corrections; North Carolina Crime Laboratory; and SBI so that they may either (1) indicate that they consent that its documents may be filed publicly; or (2) prepare a motion to have the materials filed under seal, including (a) a non-confidential description of the material sought to be sealed; (b) a statement as to why sealing is necessary and why there are no alternatives to filing under seal; (c) unless permanent sealing is sought, a statement as to the period of time it seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (d) supporting statutes, case law or other authority.

13. Should the Court determine in its discretion that any material and documents contained within the Confidential Documents may properly be filed under seal, pursuant to North Carolina General Statute, case law, or in the best interests of justice, such documents may be released to the persons and Court as listed herein, only if the material and information is filed in sealed containers, containing a general description of the contents, and a statement that states the contents hereof are confidential and may be revealed only by the Court or upon prior written consent of counsel for the party designating the material CONFIDENTIAL INFORMATION.

14. The administrative staff of the Court shall maintain such sealed containers intact and unopened except as otherwise directed by the Court. However, such information shall continue to be available to the Court and to those persons listed in this Protective Order.

15. After the final disposition of this action, including the conclusion of any and all appeals, all Confidential Documents, materials and information that were maintained in sealed files of the Court, shall be returned to the counsel who filed such information with the Court. Alternatively, Plaintiff's documents may be returned to Plaintiff's counsel and the Confidential Documents may be returned to the agencies from which they were obtained. The ultimate disposition of protected materials shall be subject to a final order of the Court.

16. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

17. It is specifically agreed that making Confidential Documents available for inspection and the production of such documents shall not constitute a waiver or agreement by the parties, or the Buncombe County Sheriff's Office; Buncombe County District Attorney; Asheville Police Department; North Carolina Innocence Inquiry Commission; North Carolina Division of Adult Corrections; North Carolina Crime Laboratory; and SBI regarding any claim of confidentiality, or of the admissibility of such documents into evidence at the trial of this action. The parties reserve all rights to object to the admissibility of such documents as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

18. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

19. Nothing in this Protective Order is intended to or shall be construed to interfere with any party's ability to disclose and use documents or information to the extent that they are (a) obtained lawfully from sources other than the opposing party or the agencies named herein, or (b) otherwise publicly available.

20. In the event that a party objects to a document being marked "confidential," it shall provide notice of its objection to the entity or party producing the document. If the producing entity or party refuses to delete the "Confidential" designation, with ten (10) business days, the objecting party shall be entitled to file its objection with the Court. The producing party will then bear the burden of establishing that the document should remain confidential under North Carolina law.

21. This Protective Order shall not prevent any party or the Buncombe County Sheriff's Office; Buncombe County District Attorney; Asheville Police Department; North Carolina Innocence Inquiry Commission; North Carolina Division of Adult Corrections; North Carolina Crime Laboratory; and the SBI from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order.

**SO ORDERED**.

Signed: November 7, 2014

David C. Keesler
United States Magistrate Judge

**Agreed to this 6th day of November, 2014.**

/s/ Jacob H. Sussman
Jacob H. Sussman, NCSB # 31821
S. Luke Largess, NCSB # 17486
Noell P. Tin, NCSB # 20603
TIN FULTON WALKER & OWEN
301 East Park Avenue
Charlotte, NC 28203
T: 704-338-1220
F: 704-338-1312
E: llargess@tinfulton.com
E: jsussman@tinfulton.com
E: ntin@tinfulton.com
*Counsel for Plaintiff Kagonyera*

/s/ Curtis W. Euler
Curtis W. Euler, NCSB # 22043
BUNCOMBE COUNTY ATTORNEY
205 College Street, Suite 300
Asheville, NC 28801
T: 828-250-4112
F: 828-250-6005
E: Curt.Euler@buncombecounty.org
*Counsel for Defendant Buncombe County*

/s/ Ervin L. Ball, Jr.
Ervin L. Ball, Jr., NCSB # 185
BALL, BARDEN & CURY, PA
P.O. Box 7157
Asheville, NC 28802
Fax: (828) 252-6774
eball@ballnclaw.com
*Counsel for Defendant George Sprinkle*

/s/ Sean Perrin
Sean Perrin, NCSB # 22253
WOMBLE, CARLYLE,
　　SANDRIDGE & RICE
301 S. College Street, Suite 3500
Charlotte, NC 28202
T: 704-331-4992
F: 704-338-7814
E: sperrin@wcsr.com
*Attorney for Defendant Bobby Medford, in his Official Capacity*

/s/ Patrick Flanagan
Patrick Flanagan, NCSB # 17407
CRANFILL, SUMNER & HARTZOG
2907 Providence Rd, Suite 200
Charlotte, NC  28211
T: 704-940-3419
F: 704-831-5522
E: phf@cshlaw.com
*Attorney for Def. Bobby Medford, in his Individual Capacity*

/s/ Thomas J. Doughton
Thomas J. Doughton, NCSB # 16611
DOUGHTON RICH BLANCATO
633 West Fourth Street, Suite 150
Winston-Salem, NC 27101
T: 336-725-9416
E: td@drbattorneys.com
*Attorney for Defendant Michael Murphy*

/s/ Joseph P. McGuire
Joseph P. McGuire, NCSB # 6739
MCGUIRE, WOODS & BISSETTE
48 Patton Building, Drhumor Building
Asheville, NC  28801
T: 828-254-8800
F: 828-252-2438
E: jmcguire@mwbavl.com
*Attorney for Defendants Samuel Constance and John Elkins*